**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50127 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00675-PSG-1 |
| v. | |
| RODRIGO PABLO LOZANO, AKA El Profe, AKA Paul Lozano, AKA Rodrigo Lozano, AKA Rodrigo Paul Lozano, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted April 12, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and ENGLAND,** District Judge.

Defendant Rodrigo Pablo Lozano ("Defendant") appeals from the district

court's trial and sentencing-related decisions. Defendant, an experienced tax

preparer, submitted thousands of fraudulent federal income tax returns to the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

Internal Revenue Service ("IRS") and was convicted after a jury trial of one count of Conspiracy to Defraud the United States with Respect to Claims in violation of 18 U.S.C. § 286. Defendant argues on appeal that the district court made the following errors during trial and in its sentencing guideline calculations: giving the jury a "deliberate avoidance" instruction when Defendant was only charged with conspiracy; calculating the applicable sentencing guidelines based on "intended" as opposed to "actual" loss; making that calculation based on a preponderance of the evidence rather than by clear and convincing evidence; and ordering restitution without the benefit of a jury finding, as purportedly required by Apprendi v. New Jersey, 530 U.S. 466 (2000). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1.     The district court permissibly instructed the jury on deliberate avoidance. United States v. Ramos-Atondo, 732 F.3d 1113, 1120 (9th Cir. 2013); United States v. Nicholson, 677 F.2d 706, 710-11 (9th Cir. 1982). Defendant points to no clearly irreconcilable intervening authority that would allow this Court to disregard that binding case law. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Nor has Defendant identified any error in the form of the instruction, which derives from this circuit's pattern instruction. Accordingly, no instructional error infected the jury's decision.

2.     Given the plain language of U.S.S.G. §§ 2T1.4 and 2T1.1, the district

court's use of "intended loss" was both correct and consistent with the general fraud guidelines, U.S.S.G. § 2B1.1.  Additionally, the court was not required to make its findings based on an elevated clear and convincing evidence standard in this conspiracy case.  See United States v. Barragan, 871 F.3d 689, 717-19 (9th Cir. 2017); United States v. Treadwell, 593 F.3d 990, 1001 (9th Cir. 2010).  The district court's guidelines calculations were thus proper.

3.      Finally, restitution is not a question that is subject to the protections of Apprendi.  United States v. Green, 722 F.3d 1146, 1149-50 (9th Cir. 2013).  And again, Defendant fails to point to any clearly irreconcilable intervening authority that compels a conclusion to the contrary.  The district court therefore did not err in its restitution order.

**AFFIRMED.**